IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Feb 28, 2018
OFFICE OF THE CLERK

CHAD TAYLOR                                                                                           PLAINTIFF

vs.                                         No. 2:18-cv-2044

MORIAH MANAGEMENT, LLC                                                                  DEFENDANT

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Chad Taylor ("Plaintiff"), by and through his attorneys Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint against Defendant Moriah Management, LLC ("Defendant"), he does hereby state and allege as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201 et seq. ("AMWA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee as a result of Defendant's failure to pay Plaintiff overtime wages as required by the FLSA and AMWA.

2. The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiff's AMWA claim pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff was employed by Defendant primarily in the Fort Smith Division of the Western District of Arkansas.

5. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Fort Smith Division of the Western District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## II. THE PARTIES

6. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

7. Plaintiff Chad Taylor is a resident and citizen of Johnson County. Within the three (3) years preceding the filing of this Complaint, Plaintiff was an employee of Defendant in Clarksville.

8. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

9. At all times material herein, Plaintiff was non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, Ark. Code Ann. § 11-4-211.

10. Defendant Moriah Management, LLC, is a foreign limited liability company.

11. Defendant operates as a Louisiana-based property management company that contracts with businesses throughout the United States.

12. At all relevant times Defendant employed more than four (4) employees.

13. Defendant has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce.

14. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of taxes at the retail level that are separately stated).

15. Defendant's registered agent for service of process is Larry Hoss, 7077 Highway 80 West, Ruston, Louisiana 71270.

16. Defendant was at all times relevant hereto Plaintiff's employer under the FLSA and the AMWA.

### III. FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

18. Plaintiff was an employee of Defendant within the last three years.

19. From about July of 2017 until January of 2018, Plaintiff was employed by Defendant as a maintenance worker.

20. At all times material herein, Plaintiff was non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, Ark. Code Ann. § 11-4-211.

21. Plaintiff's primary duty while employed by Defendant was to perform routine preventive maintenance on customer properties, maintain material, supply inventory, and complete work and repair orders.

22. Plaintiff worked more than forty (40) hours per week on a regular, typical basis while working for Defendant.

23. Plaintiff was classified as an hourly employee and paid his regular rate for all hours worked up to forty-two (42) hours per week.

24. Defendant frequently required or permitted Plaintiff to work more than forty (40) hours per week, despite his entitlement thereto.

25. Plaintiff typically worked fifty-five (55) hours per week.

26. Defendant did not pay Plaintiff one and one-half times his regular rate of pay for all hours worked over forty (40) per week.

27. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

## IV. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

28. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

29. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

30. At all relevant times, Defendant has been an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

31. At all relevant times, Defendant has been, and continues to be an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

32. 29 U.S.C. 207 requires any enterprise engaged in commerce to pay all employees time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

33. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

34. Defendant's conduct and practice, as described above, was willful, intentional, unreasonable, arbitrary and in bad faith.

35. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including a reasonable attorney's fee, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

36. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

## V. SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

37. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§11-4-201, *et seq.*

39. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

40. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

41. Plaintiff was non-exempt from the overtime requirements of the AMWA.

42. Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

43. Defendants conduct was willfull, intentional, unreasonable, arbitrary and in bad faith.

44. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, and costs, including a reasonable attorney's fee, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

45. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Chad Taylor respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

D. A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

E. Judgment for damages for all unpaid overtime wage compensation owed to Plaintiff under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

F. Judgment for damages for all unpaid overtime wage compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

G. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

H. Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the relating regulations;

I. For a reasonable attorney's fee, costs, and pre-judgment interest; and

J. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF CHAD TAYLOR**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By: _____
Christopher Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com